**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LAURA PRICE, an Individual,

        Plaintiff,

vs.                                                     Case No. 3:09-cv-327-J-32JRK

A-1 IMAGING OF ORANGE PARK, LLC,
d/b/a HORIZON DIAGNOSTIC CENTERS,

        Defendant.

_____

## **ORDER**[1]

This case is before the Court on Defendant A-1 Imaging of Orange Park, LLC, d/b/a Horizon Diagnostic Centers' (A-1 Imaging or A-1) Motion to Dismiss Counts I, II and VI of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 4) and Plaintiff Laura Price's (Price) Memorandum of Law in response thereto (Doc. 9), as supplemented (Doc. 11).

### **I. Legal Standard**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "Federal

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 89 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant–unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation and quotation omitted). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Id. (citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citation and quotation omitted).

## **II. Facts as Alleged in Price's Complaint**

A-1 Imaging is a Magnetic Resonance Imaging ("MRI") clinic providing MRI services to patients in the Jacksonville, Florida area. (Compl. ¶ 11.) A-1 Imaging employed Price as its Office Manager in its MRI clinic located in Orange Park, Florida. (Id. at ¶¶ 16, 26.) Price asserts that it was her responsibility as Office Manager to ensure that A-1 Imaging maintained safe and fully functioning MRI machines,

2

provided quality MRI images to physicians, and complied with all applicable laws, regulations, codes, and standards. (Id. at ¶¶ 26-27.)

Price claims that in her role as Office Manager she received repeated complaints from referring physicians regarding the poor quality of A-1 Imaging's MRI scans. (Id. at ¶ 29.) In response to the complaints, Price submitted several MRI repair orders to A-1 Imaging's management. According to Price, A-1 Imaging's management cited budgetary shortfalls as the reason why no repairs to the MRI machines were undertaken. (Id. at ¶ 32.) Unsatisfied with this explanation, Price continued to complain to A-1 management that the MRI machines needed improvement or replacement. (Id. at ¶ 37.) Ultimately, Price alleges that A-1's Vice President of Operations, Mike Lacenere, assured her that a new MRI machine would be installed at the Orange Park facility. (Id. at ¶ 38.)

Price also alleges that during her time as A-1 Imaging's Office Manager, A-1 actively misrepresented itself to insurance companies by claiming to be a physician office. (Id. at ¶ 34.) Price claims that she found such misrepresentation to be both unethical and in violation of relevant insurance regulations. (Id.) Accordingly, Price complained to A-1 Imaging management and, on October 22, 2008, threatened to report A-1's misrepresentations to insurance companies such as Tricare. (Id. at ¶¶ 34-35.)

Price contends that on October 28, 2008, in response to her complaints about faulty equipment and her threats to expose the alleged misrepresentations, A-1's management, specifically Regional Manager Sharon Pridgen (Pridgen), retaliated against Price by e-mailing Price negative work performance counseling. (Id. at ¶ 35.) According to Price, Pridgen refused Price's repeated requests to participate in formal, face-to-face meetings to discuss the negative work performance counseling. (Id. at ¶ 36.) Price claims that Pridgen terminated Price's employment on November 12, 2008 without the benefit of A-1's progressive discipline policies or a warning. (Id. at ¶ 39.)

On April 10, 2009, Price filed a six count civil action seeking a wide range of relief from A-1. In response, A-1 Imaging moved to dismiss counts I, II, and VI of Price's Complaint. (Doc. 4) Subsequently, on June 1, 2009, Price filed Plaintiff's Notice and Unopposed Motion for Leave of Court for Plaintiff [Price] to Voluntar[il]y Dismiss Count I and Count II of Plaintiff's Complaint with Prejudice, (Doc. 8) which the Court now grants. Thus, in this order, the Court only addresses A-1's Motion to Dismiss as it relates to Count VI of Price's Complaint.[2] Count VI seeks recovery from A-1 for Intentional Infliction of Emotional Distress ("IIED"). (Compl. at ¶¶ 83-90.)

---

[2] Counts III, IV, and V of Price's Complaint address Price's claims of unpaid overtime, unpaid bonuses, and retaliation. (See Compl. ¶¶ 64-82.) A-1 imaging filed an Answer and raised numerous affirmative defenses as to those counts on May 4, 2009. (See Doc. 5.)

## III. Discussion

To state a claim for IIED under Florida law, Price must establish that: (1) A-1 Imaging acted recklessly or intentionally; (2) A-1 Imaging's conduct was extreme and outrageous; (3) A-1 Imaging's conduct caused Price emotional distress; and (4) Price's emotional distress was severe. Howry v. Nisus, Inc., 910 F. Supp. 576, 580 (M.D. Fla. 1995) (citing Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985)). Under Florida law, whether a party's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of IIED is a matter of law for the Court, not a question of fact. Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499-1500 (M.D. Fla. 1993) (citing Baker v. Fla. Nat. Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)); Johnson v. Thigpen, 788 So. 2d 410, 413 (Fla. 1st DCA 2001).

In its motion to dismiss, A-1 attacks Price's claim for IIED on the basis that Price's allegations do not set forth facts which adequately demonstrate that A-1's conduct was extreme and outrageous. (See Doc. 4 at 8-9.) Particularly, A-1 argues that the retaliation alleged by Price (i.e. the e-mailing of negative work performance counseling to Price, the refusal of Price's repeated requests for an in-person meeting to discuss the negative performance counseling, and Price's termination without warning) "does not even begin to approach the level of conduct needed to support a claim for IIED." (Id. at 9.)

Under Florida law, the standard for "outrageous conduct," which is a required element for a cause of action for IIED, is particularly high. Foreman v. City of Port St. Lucie, 294 F. App'x 554, 557 (11th Cir. 2008) (citing McCarson, 467 So. 2d at 278); Patterson v. Downtown Med. and Diagnostic Ctr., Inc., 866 F. Supp. 1379, 1383 (M.D. Fla. 1994) (citation omitted). Liability for IIED will lie only where the defendant's conduct is so outrageous in character and so extreme in degree as to go beyond the bounds of decency and to be deemed utterly intolerable in a civilized community. State Farm Mut. Auto. Ins. Co. v. Novotny, 657 So. 2d 1210, 1212 (Fla. 5th DCA 1995) (citing E. Airlines, Inc. v. King, 557 So. 2d 574 (Fla. 1990)). It is not enough that the defendant intended to inflict emotional distress, that the defendant's intent was tortious or criminal, or that the conduct was motivated by malice. Stires v. Carnival Corp., 243 F. Supp. 2d 1313, 1319 (M.D. Fla. 2002) (citing Clemente v. Horne, 707 So. 2d 865, 867 (Fla. 3d DCA 1998)). Additionally, this Court is mindful of the reluctance of Florida courts to sustain a claim for IIED in an employment setting. See Vance v. S. Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993) (recognizing the high level of extremity or outrageousness required to state a claim for IIED under Florida law); DeShiro v. Branch, 1996 WL 663974 at *4 (M.D. Fla. Nov. 4, 1996); Hayes v. Liberty Nat. Life Ins. Co., 1995 WL 500896 at *4 (M.D. Fla. 1995) (stating that courts applying Florida law have consistently dismissed claims of intentional infliction of emotional distress based upon an employer's retaliatory discharge,

discipline, or harassment of an employee and that there exists strong disfavor under Florida law toward employment-based claims for IIED).

Price concedes that "federal courts have not found 'outrageous' conduct, under Florida law, within the employment context for sexual harassment or other offensive verbal and harassing-type behavior, even where such conduct was undisputedly severe."  (Doc. 9 at 5.)  However, Price notes that in some cases, federal courts interpreting Florida law have found that a plaintiff employee stated a claim for IIED. (Id.)  See, e.g., Urquiola v. Linen Supermarket, Inc., 1995 WL 266582 at *4 (M.D. Fla. 1995).  Yet, Price has not alleged the touchstone of those cases— relentless physical, as well as verbal, harassment.  See Vernon v. Med. Mgmt. Assocs. of Margate, Inc., 912 F. Supp. 1549, 1559 (S.D. Fla. 1996).  Nonetheless, Price argues that the behavior she was forced to endure was different and more abusive than the types of behavior deemed insufficient in other cases to establish the element of "extreme and outrageous conduct."  (Doc. 9 at 6.)

In Golden v. Complete Holdings, Inc., 818 F. Supp. 1495 (M.D. Fla. 1993) the plaintiff alleged a cause of action for IIED on the grounds that the defendants committed the following acts:

> misrepresented and concealed vital financial information, misrepresented their plans to reduce employment, induced Plaintiff to forego other employment opportunities, *terminated Plaintiff despite satisfactory performance*, systematically eliminated older employees, including the Plaintiff, replaced Plaintiff and other employees with

7

> younger persons, *discharged Plaintiff without warning*, ejected him from his office without giving him an opportunity to collect his personal effects (which Defendants destroyed), and *refused for months to pay Plaintiff severance pay and other entitlements*.

Golden, 818 F. Supp. at 1499 (emphasis added).

Despite these numerous allegations, this Court held that the allegations were insufficient to state a cause of action for intentional infliction of emotional distress. Id. at 1500. In arriving at its conclusion in Golden, this Court analyzed the approach adopted by Florida state courts when assessing whether behavior was sufficient to meet the high standard of "extreme and outrageous" in IIED claims in the employment context. Id. at 1499 (citing Lay v. Roux Laboratories, Inc., 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (holding that the plaintiff failed to state a cause of action where the basis of her complaint was her employer's threats of terminating the plaintiff and use of humiliating language, including vicious verbal attacks and racial epithets, toward the plaintiff); Scheller v. Am. Med. Intern., Inc., 502 So. 2d 1268, 1271 (Fla. 4th DCA 1987) (holding a hospital's ostracizing of a pathologist by excluding him from social affairs, falsely accusing him of theft, prohibiting him from conversing with the laboratory personnel, and publishing false income information about him was insufficiently outrageous to sustain a cause of action for IIED)).

Upon reviewing the applicable, high standard required to establish extreme and outrageous conduct; examining the existing Florida state and federal caselaw

8

applying that high standard to similar, and arguably more extreme conduct; and accepting all allegations in Price's Complaint as to A-1's retaliatory conduct as true, the Court finds that Price has not sufficiently alleged that A-1's conduct was sufficiently extreme and outrageous so as to state a claim for intentional infliction of emotional distress.  Moreover, any attempt to amend the Complaint concerning this claim would be futile.  Therefore,

It is hereby:

**ORDERED:**

1. Plaintiff Laura Price's Notice and Unopposed Motion for Leave of Court for Plaintiff to Voluntar[il]y Dismiss Count I and Count II of Plaintiff's Complaint with Prejudice (Doc. 8) is **GRANTED**.  Counts I and II are dismissed with prejudice.

2. Defendant A-1 Imaging of Orange Park d/b/a Horizon Diagnostic Centers' Motion to Dismiss Counts I, II and VI of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 4) is **GRANTED as to Count VI**.  Count VI is dismissed with prejudice.

3. This case shall proceed on Counts III, IV, and V only and will be governed by the Court's July 8, 2009 Case Management Scheduling Order (Doc. 12).

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of August, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

smm.

Copies to:

Counsel of Record